CASE 75—PETITION ORDINARY—OCTOBER 6.

# Hawes vs. City of Louisville.

**APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.**

1. H. was the owner of a lot in the city of Louisville, fronting twenty-nine feet on Gross street, and running back one hundred and thirty-five feet. At some period not shown, Gross street took the name of Campbell street, and its width was changed from thirty to sixty feet. Afterwards H. conveyed said lot to D. H., describing it as fronting on the west side of Campbell street, and running one hundred and five feet, reserving the right of action against the city of Louisville for wrongfully converting thirty feet in depth of said lot into a street. *Held*—That H. had no right of action against the city to recover the thirty feet occupied by Campbell street. But whether the city may not be liable to H. for taking the thirty feet of said lot, and making it a part of the street, is a question which was not before the court, and is not decided.

Hawes vs. City of Louisville.

LEWIS M. DEMBITZ,                                    For Appellant,
                        CITED—

*Charter of City of Louisville, sec. '1, art. 7.*

2 *Smith's Leading Cases ; Dovaston vs. Payne.*

18 *U. S. C. R.,* 11 ; *Irwin vs. Dixon.*

6 *Peters,* 442–3 ; *City of Cincinnati vs. White's lessee.*

J. F. BULLITT,            ·            ℏ              For Appellee,
                        CITED—

2 *Smith's Leading Cases; Dovaston vs. Payne, and notes.*

9 *B. Mon.,* 200; *Trustees of Dover vs. Fox.*

2 *B. Mon.,* 232, 237 ; *Rowan's ex'rs vs. Town of Portland.*

JUDGE PETERS DELIVERED THE OPINION OF THE COURT:

Appellant was the owner of a lot fronting twenty-nine feet on what was at one time called Gross street, running back one hundred and thirty-five feet, which was sold by virtue of an execution against him, when a man by the name of Huline became the purchaser, and on the 21st of August, 1863, the sheriff of Jefferson county conveyed it to him.

Some time afterwards, Huline conveyed the same lot back to appellant.

At some period not shown in the record, Gross street took the name of Campbell street, and the width was changed from thirty to sixty feet; and it was improved by grading, paving, &c., the full width of sixty feet.

In a short time after appellant procured the title from Huline, he conveyed the lot to D. H. Hawes, describing it in his deed as fronting twenty-nine feet on the west side of Campbell street, and running back one hundred and five feet, and of the same width; reciting in that deed that he reserves to himself the right of action

against the city of Louisville for *wrongfully converting thirty* feet in depth of said lot into a street.

This action was then brought by him to recover the thirty feet used in front of said lot as part of Campbell street.

It may be inferred that Gross street was widened, and the improvements ordered, before the lot was sold by the sheriff; but when these two events occurred is not shown, nor is it shown to what line on the front Huline's conveyance to appellant extended—whether to the west side of what was called Gross street, or to the west side of Campbell street. That deed is not copied in this record, but appears to have been before the court of common pleas.

But the reservation of appellant in his deed certainly is not of the strip of land, but is the right to sue the city for the wrongful conversion of the land. These terms, when applied to personal property, have a technical legal meaning, and are understood to mean the illegal appropriation of the goods of one individual by another; and the action is to recover damages for the illegal conversion or appropriation, and not for the thing; and this seems to be the sense in which the words were used in appellant's deed.

It can hardly be supposed that his vendee would be willing to buy the residue of the lot, and permit him to reserve the power, if he could recover this intervening strip, to cut him off from his front passway.

Whether the city may not be liable for damages to appellant for taking this strip of ground, and making it a part of the highway, is a question not now before us as the pleadings stand, and one about which we express no opinion, as it may never arise; but if it should, it will then be time enough to decide it.

Judgment *affirmed.*